UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISON

CASE NO.:

CLASS/COLLECTIVE ACTION

DARYL E. HUGHES, individually
and on behalf of all those similarly
situated,

        Plaintiffs,

vs.

AMBI PAVING, LLC. and
DHARAM DEOCHAND,

        Defendants.
_____/

**PLAINTIFF'S COLLECTIVE ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, DARYL E. HUGHES, ("Mr. Hughes"), individually and on behalf of all other similarly situated employees, by and through undersigned counsel, hereby files his Collective Action Complaint and Demand for Jury Trial against AMBI PAVING, LLC., ("AMBI"), and DHARAM DEOCHAND, ("Mr. Deochand"), and states as follows:

### I. INTRODUCTION

1. This is a collective action under the Federal Fair Labor Standards Act, for failure to pay overtime wages in violation of the Fair Labor Standards Act, as amended, 29 U.S.C. Section 201, *et. seq.* (hereinafter "FLSA").

1

2. This lawsuit is not dealing with mere chattels or articles of trade but with the rights of those who toil, of those who sacrifice a full measure of their freedom and talents to the use and profit of others, in this case-AMBI. Those are the rights that Congress has specially legislated to protect in the Fair Labor Standards Act.

3. The FLSA prevents the exploitation of a class of workers who are in an unequal position with respect to bargaining power and are thus relatively defenseless against the denial of a living wage is not only detrimental to their health and wellbeing but casts a direct burden for their support upon the community. What these workers lose in wages the taxpayers are called upon to pay.

4. Because of such unequal bargaining power, the Class Representative, Mr. Hughes, brings this action on behalf of himself as well as other similarly situated employees who were employed by AMBI as laborers and paid an hourly rate (hereinafter referred to as "Laborers").

5. The Class Representative will seek conditional certification and notice to an opt-in class of "Laborers" who are or were employed by AMBI at its Orlando, Florida location during the three years preceding the filing of the Complaint; were paid an hourly rate; and were not properly paid overtime wages in violation of the Fair Labor Standards Act.

## II.   JURISDICTION AND VENUE

6. This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 1331.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b).

### III.   FACTUAL ALLEGATIONS

8. AMBI maintains and operates an asphalt paving, repair and sealcoating business in Orlando, Florida.

9. AMBI employs Laborers to perform its asphalt installation, asphalt resurfacing, asphalt repair, tack & priming, and the other services, (collectively "asphalt paving"), it operates.

10. AMBI has engaged in unfair labor practices.

11. AMBI has previously been accused of unfair labor practices pursuant to the Fair Labor Standards Act ("FLSA") in the past. *See e.g. Dyer v. AMBI Paving, LLC.*, Case No.: 2017-CC-3995-O (Fla. 9th Jud. Cir. 2017); *Michael Hill v. AMBI Paving, LLC.*, Case No.: 2017-CC-010412-O (Fla. 9th Jud. Cir. 2017).

12. In order to perform its asphalt paving services, AMBI employs Laborers that work together on a crew.

13 The Laborers are directly engaged in providing the productive services to AMBI's customers.

14. The Class Representative, Mr. Hughes, was employed by AMBI as a Laborer at its Orlando, Florida facility.

15. As a Laborer, Mr. Hughes job duties included but are not limited to, laying and repairing asphalt.

16. Laborers hold positions sometimes referred to as "rake man," "roll man," or "screw man."

17. Mr. Hughes was employed by AMBI from approximately July 2018 until January 2020.

18. As a Laborer, Mr. Hughes and similarly situated Laborers were paid an hourly rate.

19. Mr. Hughes was paid approximately $18.75 per hour.

20. Mr. Hughes was legally authorized to be employed by AMBI throughout his employment.

21. At all times relevant to their employment, Mr. Hughes and all other similarly situated Laborers, regularly used the instrumentalities of interstate commerce while performing their work.

22. At all times relevant to their employment, Mr. Hughes and all other similarly situated Laborers, also regularly used the channels of commerce while performing their work.

23. AMBI is an "employer" as defined by 29 U.S.C. § 203(d).

24. AMBI has employees subject to the provisions of the FLSA at its Orlando, Florida facility where the Class Representative, Mr. Hughes, and all other similarly situated Laborers, were employed.

25. AMBI has employed two or more persons, including Mr. Hughes, engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by a person.

26. Mr. Hughes avers based on information and belief that at all times relevant to the violations of the Fair Labor Standards Act Defendant, AMBI was an enterprise whose annual gross volume of sales made or business done was not less than $500,000.

27. Defendant, Mr. Deochand, is an owner and manager of AMBI.

28. Defendant, Mr. Deochand, is involved in the day-to-day operations of AMBI.

29. Defendant, Mr. Deochand, guided the company policies of AMBI.

30. Defendant, Mr. Deochand, actively engaged in the management, supervision, and oversight of AMBI.

31. Defendant, Mr. Deochand, could have authorized AMBI's compliance with the Fair Labor Standards Act.

32. Defendant, Mr. Deochand, had control over the financial affairs of AMBI.

33. Defendant, Mr. Deochand, at all times material hereto was acting directly or indirectly in the interest of AMBI in relation to AMBI's employees and was substantially in control of the terms and conditions of the employees' work.

34. Class Representative, Mr. Hughes, and other similarly situated Laborers, were subjected to AMBI's common policy of prohibiting Laborers from recording all hours and time worked.

35. Class Representative, Mr. Hughes, and other similarly situated Laborers, were subjected to AMBI's common policy and practice of requiring Laborers to perform work off-the-clock.

36. Class Representative, Mr. Hughes, and other similarly situated Laborers, worked overtime in numerous workweeks and did not receive proper overtime pay.

37. AMBI had knowledge that Mr. Hughes, as well as other similarly situated Laborers, were working overtime without proper compensation.

38. AMBI failed to make a good faith effort to determine if Mr. Hughes, and similarly situated Laborers, were being compensated appropriately pursuant to the FLSA.

39. AMBI has failed to maintain and keep accurate time records as required by the Fair Labor Standards Act. *See e.g.* 29 U.S.C. §§ 211(c); 215(a); 29 C.F.R. § 516, *et. al*.

40. AMBI also failed to post the required notice pursuant to the Fair Labor Standards Act.

41. Class Representative, Mr. Hughes, has retained LaBar & Adams, P.A. as Class Counsel to represent himself and the Class and has agreed to pay said firm a reasonable attorney's fee for its services.

## V.     COLLECTIVE ACTION ALLEGATIONS

42. Class Representative, Mr. Hughes, brings this action on behalf of himself as well as other similarly situated employees who were employed by AMBI as a Laborer at its Orlando, Florida location and paid an hourly rate.

43. Specifically, Class Representative, Mr. Hughes, brings the class' claim under the Fair Labor Standards Act as a collective action, and will request the Court to grant conditional class certification under 29 U.S.C. § 216(b).

44. Class Representative, Mr. Hughes, will seek class certification of all employees of AMBI who: (1) were employed as "Laborers" at AMBI's Orlando, Florida location during the preceding three (3) years; (2) were paid a "hourly rate;" and (3) worked more than forty hours in a workweek without being paid proper overtime compensation.

45. Class Representative, Mr. Hughes, and the similarly situated Laborers had similar job duties, were paid the same and were subjected to the same illegal policies and practices.

46. AMBI's unlawful compensation practices are in willful disregard of the rights of the Class Representative, Mr. Hughes, and the similarly situated Laborers.

47. AMBI's labor conditions are detrimental to the health, efficiency, and the general well-being of the community and is in violation of the Fair Labor Standards Act.

### COUNT I
### PLAINTIFF, DARYL E. HUGHES' INDIVIDUAL CLAIM FOR VIOLATIONS OF THE OVERTIME PROVISION OF THE FAIR LABOR STANDARDS ACT

48. Plaintiff, Mr. Hughes, re-alleges and incorporates herein the allegations contained in paragraphs 8-41 above.

49. Mr. Hughes was employed as a "Laborer" by AMBI from approximately July 2018 until January 2020.

50. From approximately July 2018 until January 2020, AMBI repeatedly and willfully violated § 7 and § 15 of the Fair Labor Standards Act by failing to compensate Mr. Hughes at a rate not less than one and one-half times the regular rate at which he was employed for workweeks longer than forty (40) hours. Specifically, Plaintiff worked numerous weeks in excess of forty (40) hours a week, yet was not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he was employed.

51. AMBI willfully failed to maintain and keep accurate time records as required by the Fair Labor Standards Act.

52. AMBI failed to post the required notice pursuant to the Fair Labor Standards Act.

WHEREFORE, Mr. Hughes demands a judgment against AMBI for the following:

(a) Unpaid overtime wages found to be due and owing;

(b) An additional equal amount equal to the unpaid overtime wages found to

be due and owing as liquidated damages;

(c) Prejudgment interest;

(d) A reasonable attorney's fee and costs; and,

(e) Such other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Mr. Hughes demands a jury trial on all issues contained in Count I.

## COUNT II
## COLLECTIVE ACTION BY CLASS REPRESENTATIVE, DARYL E. HUGHES, FOR VIOLATIONS OF THE OVERTIME PROVISION OF THE FAIR LABOR STANDARDS ACT

53. Mr. Hughes, as Class Representative, re-alleges and incorporates herein the allegations contained in paragraphs 8-47 above.

54. Throughout the employment of the Class Representative, Mr. Hughes, and all other similarly situated Laborers, the Defendant, AMBI, repeatedly and willfully violated § 7 and § 15 of the Fair Labor Standards Act by failing to compensate Mr. Hughes and all other similarly situated Laborers, at a rate not less than one and one-half times the regular rate at which they were employed for workweeks longer than forty (40) hours.

55. Specifically, Class Representative, Mr. Hughes, and all other similarly-situated "Laborers," worked numerous weeks throughout their employment in excess of forty (40) hours a week, yet were not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which they were employed.

56. AMBI failed to maintain and keep accurate time records as required by the Fair Labor Standards Act. *See e.g.* 29 U.S.C. §§ 211(c); 215(a); 29 C.F.R. § 516, *et. al*.

57. AMBI failed to post the required notice pursuant to the Fair Labor Standards Act.

WHEREFORE, Class Representative, Mr. Hughes, on behalf of himself and similarly situated employees, demands judgment against AMBI for the following:

(a) Unpaid overtime wages found to be due and owing;

(b) An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest;

(d) Reasonable attorney's fee and costs; and,

(e) Such other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Class Representative, Mr. Hughes, on behalf of himself and similarly situated Laborers, demands a jury trial on all issues contained in Count II.

Dated: May 27, 2020

Respectfully submitted,

/s/ *Scott C. Adams*
SCOTT C. ADAMS, ESQ.
Florida Bar No.: 0573442
Email: sadams@labaradams.com
N. RYAN LABAR, ESQ.
Florida Bar No.: 0010535
Email: rlabar@labaradams.com
LABAR & ADAMS, P.A.
2300 East Concord Street
Orlando, Florida 32803
(407) 835-8968 (phone)
(407) 835-8969 (facsimile)