**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DARYL E. HUGHES,**

        **Plaintiff,**

**v.**                                               **Case No:   6:20-cv-910-Orl-40EJK**

**AMBI PAVING, LLC and DHARAM**
**DEOCHAND,**

        **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

This cause comes before the undersigned, on referral from the Court, on Plaintiff's Motion for Conditional Certification ("the Motion"). (Doc. 17.) Therein Plaintiff seeks conditional class certification pursuant to 29 U.S.C. § 216(b). (*Id.* at 1.) As Defendants failed to timely respond (Doc. 21), it is construed as unopposed. For the reasons set forth below, I respectfully recommend that the Motion be granted.

**I.      BACKGROUND**

Plaintiff initiated this collective action against Defendants AMBI Paving, LLC ("AMBI") and Dharam Deochand, pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201–219. (Doc. 1.) Defendant answered (Doc. 9) and Plaintiff filled notices of consent to join from Danny L. Harden, Gilroy Elizee, Jamorie Hughes, and Tavaren Latimer (Docs. 12–16). Plaintiff then filed the instant Motion, with declarations ("Declaration") from himself, Harden, and Elizee, as well as a proposed notification to potential class members (hereinafter the "Notice"). (Docs. 17–17-4.)

The undersigned entered an FLSA Scheduling Order, which directed Plaintiff to answer the Court's interrogatories and all parties to enter into settlement negotiations[1]. (Doc. 24.) Plaintiff then filed answers to the Court's interrogatories for himself as well as opt-in Plaintiffs Hughes, Harden, Elizee, and Latimer. (Docs. 25–29.)

The factual allegations underlying the instant action stem from the employment of Plaintiff, and others that are similarly situated to him (collectively, the "Conditional Class Members") at AMBI. (Doc. 1.) These Conditional Class Members allegedly worked as "laborers" at Defendant's Orlando, Florida facility. (*Id.* ¶¶ 14, 17–18.) The laborers would occasionally hold positions referred to as "rake man," "roll man," or "screw man." (*Id.* ¶ 16.) During the course of their employment, the Conditional Class Members worked overtime, without receiving overtime pay, which they assert violates the FLSA. (*Id.* ¶ 36.)

## II. STANDARD

Conditionally certifying a collective FLSA action is within the discretion of the court. *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001). The determination depends on the court's finding "that there are other employees . . . who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Chung v. Affordable Battery, Inc.*, No. 12-60612-CIV, 2012 WL 3759029, *1 (S.D. Fla. Aug. 29, 2012) (quoting *Dybach v. State of Fla. Dept. of Corrs.*, 942 F.2d 1562, 1567 (11th Cir. 1991)).

## III. DISCUSSION

Plaintiff seeks to conditionally certify a class that he defines as: "all employees of AMBI who: (1) were employed as "[l]aborers" at AMBI's Orlando, Florida location during the preceding three . . . years; (2) were paid an hourly rate; and (3) worked more than forty hours in a workweek

---

[1] Settlement negotiations proved unsuccessful. (*See* Joint Settlement Report, Doc. 33.)

without begin paid proper overtime compensation." (Doc. 17 at 2.) For the reasons set forth below, I recommend that the Court grant this request.

### A. Other AMBI Employees Are Interested in Joining

By the time the instant Motion was filed, four different AMBI employees opted-in to this action. (Docs. 13–16.) Moreover, Plaintiff, opt-in Plaintiff Harden, and opt-in Plaintiff Elizee all indicate in their respective declarations that they "expect that other and current and former [l]aborers of AMBI will join this litigation if they are given notice of it and an opportunity to join it." (Docs. 17-1, ¶ 29; 17-2, ¶ 28; 17-3, ¶ 26.) Plaintiff asserts this is enough to demonstrate that there is an adequate interest for conditional certification. (Doc. 17 at 7.) The undersigned agrees with Plaintiff.

Other courts have found as few as one opt-in plaintiff to be sufficient to demonstrate interest in an FLSA lawsuit. *See Stuven v. Texas de Brazil (Tampa) Corp.*, No. 8:12-CV-1283-T-24TGW, 2013 U.S. Dist. LEXIS 22240, at *9 –10 (M.D. Fla. Feb. 19, 2013) (finding three-opt in plaintiffs as adequate evidence of a desire to join); *Guerra v. Big Johnson Concrete Pumping, Inc.*, No. 05-14237-CIV, 2006 WL 2290512, at *4 (S.D. Fla. May 17, 2006) (finding that at least one other employee interested in joining the lawsuit is sufficient for a finding of interest in the lawsuit). As such, the undersigned recommends that the Court find that there is adequate interest in the lawsuit.

### B. The AMBI Employees Are Similarly Situated

Plaintiff argues that he has "demonstrated that the [l]aborers are similarly situated because they were all victims of a common policy that deprived them of proper overtime." (Doc. 17 at 11.) Upon review of the Complaint, Declarations, and the class definition, I find that the putative class members are similarly situated.

The Eleventh Circuit utilizes a two-tiered approach when determining whether there is a similarly situated class. *Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1243 n.2 (11th Cir. 2003). The first tier is the notice stage, which is when the Court decides whether notice of the action should be given to class members. *Id.* "Plaintiffs bear the burden of proving they and the class they seek to represent are similarly situated." *Herrera v. Mattress Firm, Inc.*, No. 17-22048-CIV, 2017 WL 4270619, at *3 (S.D. Fla. Sept. 26, 2017). A court generally may rely only on pleadings and affidavits, and it may apply a "fairly lenient standard" when deciding whether the claimants are similarly situated. *Anderson v. Cagle's Inc.*, 488 F.3d 945, 953 (11th Cir. 2007). "The key consideration is that to be 'similarly situated,' there must be 'substantial allegations that potential members were together the victims of a single decision, policy, or plan.'" *Richardson v. Wells Fargo Bank, N.A.*, No. 4:11–cv–00738, 2012 WL 334038, at *2 (S.D. Tex. Feb.2, 2021) (quoting *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010)). The court also determines whether there are other employees who "desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Dybach*, 942 F.2d at 1567–68.

The second stage is usually precipitated by a motion for decertification, after discovery is essentially complete. *Id.* At that stage, the court "makes a factual determination on the similarly situated question." *Id.* (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995)). The "Eleventh Circuit has stressed that '[n]othing in [the Eleventh Circuit's] precedent . . . requires district courts to utilize this approach.'" *Kelley v. Taxprep1, Inc.*, No. 5:13-cv-451-Oc-22PRL, 2014 WL 10248251, at *1 (M.D. Fla. Apr. 2, 2014) (quoting *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001)).

The proposed conditional class is limited to hourly laborers at AMBI who worked more than 40 hours a week without being paid overtime. From the definition alone the undersigned can ascertain that the putative class members would be similarly situated because they all had the same position and were victims of Defendants' alleged policy not to compensate for overtime work. The Declarations underscore that the putative class members are similarly situated with respect to their job descriptions, their pay provisions, and the policy that resulted in not receiving overtime pay.

In the declarations attached to the Motion, Plaintiff, and opt-in Plaintiffs Harden and Elizee, describe their job duties as a laborer in an identical way: "to lay and repair asphalt for AMBI's customers." (Docs. 17-1, ¶ 8;17-2, ¶ 8;17-3, ¶ 8.) They also explain that they were instructed not to record the time they worked, such as not recording the time spent "working in the morning before [they] left for the first job," driving time to the first location and from the last location of the day, and "working at the yard at the end of the day." (Docs.17-1, ¶ 20; 17-2, ¶ 21; 17-3, ¶ 20.) Finally, the Conditional Class Members were all paid hourly, between $16.00 to $22.50 an hour. (Docs. 17-1, ¶ 9; 17-2, ¶ 9, 17-3, ¶ 9; 26-1, ¶ 5; 29-1, ¶ 5.) On whole, the evidence presented before the undersigned demonstrates that potential conditional class members would be similarly situated.

### C. The Proposed Notice Should Be Approved

Plaintiff attaches a proposed Notification to Potential Class Members ("Notice") to the Motion. (Doc. 17-4.) It includes sections describing the purpose of the notice, the lawsuit, who is eligible to participate in the lawsuit, and the legal rights and options of those eligible to participate. (Doc. 17-4 at 1–2.) The Notice also instructs how to opt-in and the potential consequences of opting-in. (*Id.* at 2.) The last two pages of the Notice are a consent form that eligible individuals may fill out so they may join the lawsuit. (Doc. 17-4 at 4–5.) Though the Notice does not include

any dates, Plaintiff explains that a 90-day deadline for eligible individuals to opt-in will be included in the Notice. (Doc. 17 at 13 n.14.) Plaintiff proposes that the Notice be sent to the class members by mail and e-mail, and requests authorization for eligible individuals to execute their consents by electronic signature. (Doc. 17 at 12.)

A court has discretion over the form of the notice provided for an FLSA collective action to prevent confusion and unfairness. *Billingsley v. Citi Trends, Inc.*, 560 F. App'x 914, 921 (11th Cir. 2014) (citing *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169–71 (1989)). Court-authorized notices help prevent "misleading communications" and ensures that the notice is "timely, accurate, and informative." *Hoffmann-La Roche*, 493 U.S. at 171 (1989). "[I]n exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality. To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action." *Hoffmann–La Roche*, 493 U.S. at 174.

The undersigned finds the Notice, proposed means of sending the Notice, and opt-in period to be appropriate. The Notice provides accurate information about how to join the action, the ramifications of joining, and that the Court has yet to take a position on the merits of the action. (Doc. 17-4.) Other courts have approved sending such notices by United States Mail and by e-mail. *See Madison v. United Site Servs. of Fla., Inc.*, No. 6:16-cv-1991-Orl-41DCI, 2017 WL 9939577, at *3 (M.D. Fla. Aug. 17, 2017), *report and recommendation adopted*, 2017 WL 9939576 (M.D. Fla. Sept. 27, 2017) (finding the sending of a notice for a FLSA collective action by mail appropriate); *Dyer v. M & M Asphalt Maint. Inc.*, No. 6:15-cv-959-Orl-37KRS, 2016 WL 11586517, at *5 (M.D. Fla. July 5, 2016) (approving sending a FLSA collective action notice by e-mail and United States mail). A 90-day opt-in period is also routinely granted by courts. *See Isaacs v. One Touch Direct, LLC*, No. 8:14-cv-1716-T-30EAJ, 2015 WL 248658, at *3 (M.D. Fla.

Jan. 20, 2015) (explaining courts routinely grant ninety-day opt-in periods). Based on the foregoing, I respectfully recommend that the Court approve the Notice with a 90-day opt-in period and dissemination by United States Mail and e-mail.

## IV. RECOMMEDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT** the Motion (Doc. 17);

2. **CONDITIONALLY CERTIFY** a 29 U.S.C. § 216(b) class of individuals who (1) were employed as "[l]aborers" at AMBI's Orlando, Florida location during the preceding three . . . years; (2) were paid an hourly rate; and (3) worked more than forty hours in a workweek without begin paid proper overtime compensation.

3. **APPOINT** Plaintiff Daryl E. Hughes as Class Representative;

4. **APPOINT** Scott C. Adams and N. Ryan LaBar of LaBar & Adams, P.A., as class counsel;[2]

5. **DIRECT** Defendants, within 10 days of the entry of an order adopting this report and recommendation, to provide Plaintiff with the full name, job title, dates of employment, last known address, telephone numbers, and e-mail addresses for each individual in the conditional certified class in a computer readable format;

6. **APPROVE** the Notice (Doc. 17-4);

7. **AUTHORIZE** Plaintiff to send the approved Notice (Doc. 17-4) to each putative class member by United States Mail and e-mail within 14 days after Defendants provide

---

[2] At least one other court in this District has appointed these very attorneys as class counsel in an FLSA case. *See Huff v. Bobcat N. Am., LLC*, No. 6:19-cv-861-Orl-37DCI, 2020 WL 3250178, at *5 (M.D. Fla. Mar. 31, 2020)

      Plaintiff with the list of contact information

8. **DIRECT** Plaintiff to file all consent-to-join forms within 90 days after the Notice is served.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on January 29, 2021.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties