UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DARYL E. HUGHES,

       **Plaintiff,**

v.                            Case No.  6:20-cv-00910-PGB-EJK

AMBI PAVING, LLC and
DHARAM DEOCHAND,

       **Defendants.**

_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Plaintiff, DARYL E. HUGHES ("Plaintiff") and Defendants, AMBI PAVING, LLC and DHARAM DEOCHAND ("Defendants") file this Joint Motion for Approval of Settlement Agreement and in support state the following:

## INTRODUCTION

1. Plaintiff Daryl Hughes ("D. Hughes" or "Plaintiff") filed his Complaint on May 27, 2020.

2. Therein, Plaintiff alleges that Defendants violated the Fair Labor Standards Act ("FLSA").

3. Opt-In Plaintiffs Tavaren Latimer ("Latimer"), Otis Tisdale ("Tisdale"), Gilroy Elizee ("Elizee"), Danny Harden ("Harden"), and Jamorie Hughes ("J.

Hughes") (together with D. Hughes, "Plaintiffs") elected to join this collective action.

4.  Through negotiation with Defendants' and Plaintiffs' counsel, Plaintiffs and Defendants reached a resolution of the disputed wages owed to Plaintiffs.

5.  The Parties have memorialized the terms of their resolution into a Settlement Agreement ("Agreement").

6.  A copy of the Agreement is attached as Exhibit A.

7.  Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), the Parties respectfully request that the Court review the Agreement.

8.  The Parties respectfully request that this Honorable Court approve the terms set forth in the Agreement, dismiss the case with prejudice, but retain jurisdiction to enforce the terms of the Agreement.

## ARGUMENT AND CITATION OF AUTHORITY

Unlike many other legal claims, parties may not bargain away the FLSA's protections. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 708 (1945) ("[T]he same policy which forbids employee waiver of the minimum statutory rate because of inequality of bargaining power, prohibits these same employees from bargaining with their employer in determining whether so little damage was suffered that waiver of liquidated damages is called for"). There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by

employees. *See, e.g., Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982).

First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. *Id.* at 1353. Second, the only other route for compromise of FLSA claims is provided in the context of lawsuits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. *Id.*

When employees bring a private action for back wages under the FLSA, and present to the court a proposed settlement, the court may enter a stipulated judgment "after scrutinizing the settlement for fairness." *See, e.g., Powell v. Carey Int'l, Inc.*, 483 F.Supp.2d 1168, 1177 n. 9 (S.D. Fla. 2007) (*quoting* Lynn's Food Stores, 679 F.2d at 1353-55) (Court should determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute."). If a settlement in an FLSA dispute reflects a reasonable compromise over disputed issues, such as FLSA coverage or computation of back wages, that are actually in dispute, the district court is permitted to approve the settlement in order to promote the policy of encouraging settlement of litigation. *See, e.g., Lynn's Food Stores, Inc.*, 679 F.2d at 1353.

The Parties have, contemporaneously herewith, submitted their fully executed Agreement and submit that the terms set forth in the Agreement are a "fair and reasonable resolution" of the FLSA claims alleged by Plaintiffs. *See*

Exhibit "A" at ¶ 3.  At a minimum, strong disagreement exists as to: (a) whether

Plaintiffs are owed any back wages; (b) the number of hours worked by Plaintiffs

during the relevant employment period; (c) Defendants' knowledge of any alleged

overtime worked; (d) entitlement to liquidated damages; and (e) set-off for over

payment of wages; and (f) whether any alleged violations were intentional or

willful.

Under the terms of the Agreement, Plaintiffs shall be compensated as

follows:

      a.    One check made payable to D. Hughes in the gross amount of TWO THOUSAND DOLLARS ($2,000.00), minus applicable withholdings and employer-side payroll taxes, to represent all wage damages alleged by D. Hughes.  D. Hughes will provide a completed IRS Form W-4 to AMBI when he provides an executed copy of this Agreement. An IRS Form W-2 will be issued to D. Hughes in this amount;

      b.    One check made payable to D. Hughes in the net amount of TWO THOUSAND DOLLARS ($2,000.00), with no withholdings, to represent liquidated damages.  D. Hughes will provide a completed IRS Form W-9 to AMBI when he provides an executed copy of this Agreement.  An IRS Form 1099 will be issued to D. Hughes in this amount;

      c.    One check made payable to Latimer in the gross amount of FIVE HUNDRED DOLLARS ($500.00), minus applicable withholdings and employer-side payroll taxes, to represent all wage damages alleged by Latimer.  Latimer will provide a completed IRS Form W-4 to AMBI when he provides an executed copy of this Agreement. An IRS Form W-2 will be issued to Latimer in this amount;

      d.    One check made payable to Latimer in the net amount of FIVE HUNDRED DOLLARS ($500.00), with no withholdings, to represent liquidated damages.  Latimer will provide a completed IRS Form W-9 to

AMBI when he provides an executed copy of this Agreement. An IRS Form 1099 will be issued to Latimer in this amount;

e.    One check made payable to Tisdale in the gross amount of ONE THOUSAND FIVE HUNDRED DOLLARS ($1,500.00), minus applicable withholdings and employer-side payroll taxes, to represent all wage damages alleged by Tisdale. Tisdale will provide a completed IRS Form W-4 to AMBI when he provides an executed copy of this Agreement. An IRS Form W-2 will be issued to Tisdale in this amount;

f.    One check made payable to Tisdale in the net amount of ONE THOUSAND FIVE HUNDRED DOLLARS ($1,500.00), with no withholdings, to represent liquidated damages. Tisdale will provide a completed IRS Form W-9 to AMBI when he provides an executed copy of this Agreement. An IRS Form 1099 will be issued to Tisdale in this amount;

g.    One check made payable to Elizee in the gross amount of FIVE HUNDRED DOLLARS ($500.00), minus applicable withholdings and employer-side payroll taxes, to represent all wage damages alleged by Elizee. Elizee will provide a completed IRS Form W-4 to AMBI when he provides an executed copy of this Agreement. An IRS Form W-2 will be issued to Elizee in this amount;

h.    One check made payable to Elizee in the net amount of FIVE HUNDRED DOLLARS ($500.00), with no withholdings, to represent liquidated damages. Elizee will provide a completed IRS Form W-9 to AMBI when he provides an executed copy of this Agreement. An IRS Form 1099 will be issued to Elizee in this amount;

i.    One check made payable to Harden in the gross amount of ONE THOUSAND DOLLARS ($1,000.00), minus applicable withholdings and employer-side payroll taxes, to represent all wage damages alleged by Harden. Harden will provide a completed IRS Form W-4 to AMBI when he provides an executed copy of this Agreement. An IRS Form W-2 will be issued to Harden in this amount;

j.    One check made payable to Harden in the net amount of ONE THOUSAND DOLLARS ($1,000.00), with no withholdings, to represent liquidated damages. Harden will provide a completed IRS Form W-9 to AMBI when he provides an executed copy of this Agreement. An IRS Form 1099 will be issued to Harden in this amount;

k.      One check made payable to J. Hughes in the gross amount of THREE HUNDRED SIXTY DOLLARS ($360.00), minus applicable withholdings and employer-side payroll taxes, to represent all wage damages alleged by J. Hughes.  J. Hughes will provide a completed IRS Form W-4 to AMBI when he provides an executed copy of this Agreement. An IRS Form W-2 will be issued to J. Hughes in this amount;

l.      One check made payable to J. Hughes in the net amount of THREE HUNDRED SIXTY DOLLARS ($360.00), with no withholdings, to represent liquidated damages.  J. Hughes will provide a completed IRS Form W-9 to AMBI when he provides an executed copy of this Agreement.  An IRS Form 1099 will be issued to J. Hughes in this amount.

In agreeing to compromise their claims, Plaintiffs have considered, among other things, Defendants' defenses related to: (a) liquidated damages; (b) applicable statute of limitations; (c) off-set for overpayment of wages; and (d) Defendants claiming to have no knowledge of certain overtime claimed.

In exchange for Defendants' payments, Plaintiffs have entered into a limited release that only releases Defendants from wage claims.  Courts approve such limited releases.  *See* Exhibit "A" at ¶ 2; *see e.g. Cooper v. Garda CL Se, Inc.*, 2015 944682 *1 (M.D. Fla. Dec. 18, 2015)(approving the release of wage and overtime claims under the FLSA, Florida Constitution, and FMWA when the complaint asserted only an FLSA overtime claim); *Barnes v. Druse Landscape & Tree Service, LLC.*, 2019 WL 11478037 *5 (M.D. Fla. Oct. 3, 2019)(approving release of prior wage claims).

To further demonstrate the fairness of the settlement, the Parties have been represented by experienced wage & hour counsel in an adversarial context, thus

further demonstrating the reasonableness of settlement. *See Bonetti v Embarq Management Co.*, 715 F.Supp.2d 1222, 1227 (M.D. Fla. 2009)("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable."); *see also Diaz v. Hillsborough County Hos. Authority*, 2000 WL 1682918 *4 (M.D. Fla. Aug. 7, 2000)(quoting *Cotton v. Hinton, 559 F.2d 1326*, 1330 (5th Cir. 1977)(stating that short of fraud and collusion, the court not only may rely on the judgment of experienced counsel, but "should be hesitant to substitute its own judgment for that of counsel").

Additionally, to further demonstrate the fair and reasonableness of the settlement, the agreement does not contain any offensive clauses such as (1) a broad general release; (2) a confidentiality clause; (3) a no-rehire clause; (4) a non-disparagement clause; (5) a modification clause; (6) a jury waiver clause or (7) any other "side deal." *See e.g. Boles v. Bobcat N. America, LLC.*, 2020 WL 1523277 *2 (M.D. Fla. March 24, 2020)(Court observed the FLSA settlement agreement did not contain any of the following problematic clauses: general release, confidentiality provision, non-disparagement clause, an allowance for modification without court approval, or no re-hire provision); *Raynon v. RHA/Fern Park Mr., Inc.*, 2014 WL 5454395 *3 (M.D. Fla. Oct. 27, 2017)(Court struck jury waiver clause from FLSA settlement)

Furthermore, Plaintiffs have entered into the settlement knowingly and

51993679.v1-Ogletree

voluntarily and after having the opportunity to fully discuss the issues with his counsel. *See* Exhibit "A" at ¶ 10; *see generally King v. Wells Fargo Home Mortg.,* 2009 WL 2370640, \*2 (M.D. Fla. July 30, 2009)("Because the Plaintiff agreed to the settlement figure which was entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney, the Court concludes that the proposed settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA.").

## ATTORNEY'S FEES AND COSTS

Additionally, the law firm of LaBar & Adams, P.A. ("the Firm") shall receive a total of Ten Thousand Seven Hundred Eighty Dollars and 00/100 ($10,780.00). The Parties acknowledge that the Plaintiffs' attorneys' fees, expenses and costs were agreed upon separately and without regard to the amount paid to the Plaintiffs. *See Bonetti v. Embarq*, 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009). Furthermore, this amount represents a substantial reduction in the total amount of the Firms' attorneys' fees and costs. Undersigned Plaintiffs' counsel, *inter alia*, drafted a Complaint, engaged in formal discovery, prepared and filed a motion *in limine*, responded to Defendants' motion *in limine*, prepared and filed a motion for partial summary judgment, and prepared and filed a pretrial order. The Parties submit that this amount represents a reasonable amount of attorneys' fees. The Firm has reduced its fees significantly in an effort to obtain early relief for Plaintiffs and so as not to

further litigate issues.

In light of the recovery obtained for Plaintiffs, the Parties jointly submit that the attached Agreement is a fair and reasonable resolution of the disputes between the Parties, and respectfully request that this Court approve the Agreement, dismiss the matter with prejudice, and retain jurisdiction to enforce the terms of the Agreement.

## CONCLUSION

Based on the foregoing, the Parties respectfully request that the Court grant the instant Motion in its entirety approving the Agreement as fair and reasonable and dismissing the case with prejudice, retaining jurisdiction to enforce the terms of the Agreement.

Dated:  June 29, 2022                     Respectfully Submitted,

/s/ Scott C. Adams                         /s/ Christopher M. Cascino
Scott C. Adams, Esq.                      Christopher M. Cascino
Florida Bar No. 0573442                   Florida Bar No. 1022861
N. Ryan Labar, Esq.                       William E. Grob
Florida Bar No. 0010535                   Florida Bar No. 0463124
Labar & Adams, P.A.                       Ogletree, Deakins, Nash, Smoak &
2300 East Concord Street                  Stewart, P.C.
Orlando, FL 32803                         100 North Tampa Street, Suite 3600
Telephone: (407) 835-8967                 Tampa, FL 33602
Facsimile: (407) 835-8969                 Telephone: (813) 289-1247
sadams@labaradams.com                     Facsimile (813) 289-6530
rlabar@labaradams.com                     chris.cascino@ogletree.com
                                          william.grob@ogletree.com

*Attorneys for Plaintiffs*

                                          *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 29, 2022, I filed the foregoing Joint Motion for Approval of Settlement Agreement with the Court using the CM/ECF System, which will send a notice of electronic filing to all counsel of record.

*/s/Christopher M. Cascino*
Attorney